UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT THOMAS and ALAN QUEEN,

    Plaintiffs,

v.                                                      Civil Case No. 15-10055
                                                    Honorable Linda V. Parker

RIGHT CHOICE STAFFING GROUP, LLC,
ADEPT SERVICES GROUP, INC.,
DOWNRIVER STAFFING GROUP, LLC,
AUTOLINE TRANSPORTATION, INC.,
TIMOTHY SCHULTZ, and TRACY SHAFFER,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO VACATE ARBITRATION AWARD IN FAVOR OF PLAINTIFF VINCENT THOMAS

    Plaintiffs filed this putative class action lawsuit against Defendants asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Defendants thereafter moved to compel arbitration based on an arbitration clause in an agreement signed by Plaintiffs. In a decision issued July 6, 2015, this Court granted in part and denied in part Defendants' motion. (ECF No. 27.) Finding the arbitration agreement effective as of December 16, 2013, the Court held that Plaintiffs could be compelled to arbitrate only their FLSA claims arising after that date. (*Id.* at Pg ID 13.) The Court stayed Plaintiffs' FLSA claims arising before that date until arbitration was concluded. (*Id.* at 30.) The matter is presently

before the Court on Defendants' motion to vacate the arbitration award, filed March 19, 2018. (ECF No. 32.) The motion has been fully briefed. (ECF Nos. 33, 34.) Finding the facts and legal arguments sufficiently presented by the parties, the Court is dispensing with oral argument with respect to Defendants' motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

**Background**

Sometime after the Court issued its July 6, 2015 decision compelling arbitration, Plaintiff Vincent Thomas ("Thomas") and Defendants proceeded to arbitration through the American Arbitration Association ("AAA").[1] The parties subsequently agreed to consolidate the arbitration case for hearing with another case in which the Honorable Judith E. Levy had ordered arbitration of FLSA claims brought by Gary Conner, Jr. ("Conner") against Right Choice Staffing Group, LLC ("Right Choice") and Adept Services Group, Inc. ("Adept"): *Gary Conner, Jr. v. Right Choice Staffing Grp., LLC, et al.*, Civil Case No. 14-12887 (E.D. Mich. filed July 23, 2014). The parties subsequently selected Michael R. Blum as the arbitrator.

On October 27, 2016, Arbitrator Blum submitted a General Arbitrator Oath Form to AAA, answering "yes" in response to the question: "Have you had any

---

[1] Plaintiff Alan Queen's claims were subsequently dismissed by the arbitrator due to his failure to appear at the arbitration hearing. (*See* Defs.' Br. in Supp. of Mot. at 3 n.1, ECF No. 32 at Pg ID 345.)

professional or social relationship with counsel for any party in this proceeding or the firms for which they work." (Defs.' Mot., Ex 10, ECF No. 32-11 at Pg ID 478.) Arbitrator Blum explained that he is a member of the Macomb County Bar Association ("MCBA") Labor and Employment Committee and that Conner's counsel, Heidi Sharp, also is a committee member and served at the time as its Chairperson. (*Id*.) Arbitrator Blum submitted a supplemental disclosure on October 31, 2016, adding that he had not been particularly active in the MCBA Labor and Employment Committee in the past few years and had not attended committee meetings for the past year. (*Id*., Ex. 11, ECF No. 32-12.) Arbitrator Blum included that he did not believe his relationship with Sharp would affect his ability to act fairly and impartially. (*Id*.) He then submitted a second supplemental disclosure on May 1, 2017, stating that he appeared opposite another lawyer in Sharp's firm, Joseph Golden of Burgess Sharp & Golden, in an ongoing matter and that they attended an EEOC conciliation in the matter on that date. (*Id*., Ex. 16, ECF No. 32-17.)

The consolidated arbitration hearing regarding Thomas' and Conner's claims was held on August 9 or September 8, 2017.[2] On October 6, 2017,

---

[2] Defendants indicate that the hearing occurred on the earlier date and the arbitrator's interim decision provides the same date. (Defs.' Br. in Supp. of Mot. at 11, ECF No. 32 at Pg ID 353; *Id.* Ex. 20 at 1, ECF No. 32-21 at Pg ID 591.) The arbitrator's final award, however, states that the hearing occurred on the latter date.

3

Arbitrator Blum issued a Decision and Interim Award. (Defs.' Mot., Ex. 20, ECF No. 32-21.) Arbitrator Blum first found that Thomas and Conner were employees, not independent contractors, and thus entitled to overtime pay under the FLSA. (*Id*. at 5, Pg ID 595.) Arbitrator Blum next found that Conner suffered damages in the form of unpaid overtime totaling $6,170.63, and that Thomas' damages totaled $5,409.63 (which included a credit of $661.00 previously paid pursuant to a Department of Labor investigation). (*Id.* at 5-6, Pg ID 595-96.) In the "Award" section of the decision, however, Arbitrator Blum listed Conner's damages as $9,459.00. (*Id.* at 7, ECF No. 597.)

Arbitrator Blum additionally awarded Conner and Thomas liquidated damages under the FLSA in the same amounts as their actual damages and concluded that they were entitled to an award of attorneys' fees and costs. (*Id.* at 6, 7, Pg ID 596-97.) Finding insufficient documentation to determine the appropriate award of attorneys' fees or costs, Arbitrator Blum retained jurisdiction and instructed the parties to file submissions regarding the issue. (*Id.*) Lastly, Arbitrator Blum dismissed Thomas' and Conner's claims against Adept and Downriver Staffing Group, LLC, finding that they never worked for these companies, and concluded that there was no basis to hold Tracy Shaffer personally

---

(*Id*., Ex. 21 at 3, ECF No. 32-22 at Pg ID 601.) The discrepancy is irrelevant with respect to the pending motion.

liable. (*Id*. at 7, Pg ID 597.) He found Right Choice, Autoline, and Timothy Schultz jointly liable for the arbitration award. (*Id*.)

Right Choice and Schultz subsequently filed a motion for modification, noting the discrepancy in the amounts awarded to Conner in the interim award and arguing that Conner was entitled to a much lower award, $1,532.07 or less. *See* Resp. to Mot., Ex. 1, *Conner v. Right Choice Staffing Grp., LLC, et al.*, No. 14-12887 (E.D. Mich. Apr. 2, 2018), ECF No. 30-2. On December 20, 2017, Arbitrator Blum issued a Final Award of Arbitration, awarding Thomas $9,459.00 in damages, the same amount in liquidated damages, and attorneys' fees totaling $25,650.00 against Right Choice, Autoline, and Schultz.[3] (Defs.' Mot., Ex. 21, ECF No. 32-22.) Arbitrator Blum awarded Conner $6,170.63, the same amount in liquidated damages, and attorneys' fees and costs totaling $24,271.00. (*Id*)

On March 19, 2018, Defendants filed the pending motion to vacate the arbitration award in favor of Thomas.[4] Defendants indicate in their motion that "[f]ollowing the arbitration hearing, [they] discovered that the arbitrator had not disclosed pertinent information regarding his relationship to Conner's attorney and

---

[3] In the final award, Arbitrator Blum states that upon review of the damage calculations in response to the motion for modification, he found an error in the amount he had awarded to Thomas in his interim decision. (Defs.' Mot., Ex. 21 at 8 n.4, ECF No. 32-22 at Pg ID 606.)

[4] On the same date, Right Choice and Adept also moved to vacate the award in favor of Conner in the case pending before Judge Levy. *See* Mot., *Conner*, No. 14-12287 (E.D. Mich. filed Mar. 19, 2018), ECF No. 27. The motion is scheduled for hearing on August 16, 2018.

5

other partners in her firm." (Defs.' Mot. at 4, ECF No. 32 at Pg ID 346.)

Specifically, Defendants identify that Arbitrator Blum failed to previously disclose the following:

> (1) [H]e was apparently a founding member of the Macomb County ADR Committee, together with Joseph Golden, a partner at Burgess, Sharp, and Golden and, at that time, a director of the Macomb County Bar Association. (Exhibit 13, at 12-14);
>
> (2) Sharp was also a member of the Macomb County ADR Committee at the same time as Arbitrator Blum (Exhibit 14, at 20)[;]
>
> (3) [H]e organized a presentation on November 4, 2013 on ADR techniques with Golden, which featured Sharp as one of the event's speakers. (Exhibit 15, at 2; Ex. 13, at 13-14[.]) At the time, the ADR Committee consisted of just 26 members. (Ex. 13, at 14)[;]
>
> (4) Sharp, Blum, and Golden were all members of the ADR Committee as of at least February 2015, after [Judge Levy] entered an Order compelling arbitration of Conner's claims on January 16, 2015. (Ex. 14, at 20)

(Defs.' Mot. at 8-9, ECF No. 32 at Pg ID 351-52, footnotes omitted.) Defendants contend that Arbitrator Blum's relationship with Golden and Sharp caused him to be biased in favor of Sharp's client, Conner, as demonstrated by his award to Conner of nearly twice the maximum damages he sought, an award against Schultz and Autoline where Conner never named them as defendants in his federal complaint, and allowing Sharp to file pleadings beyond set deadlines.

6

**Discussion**

The Federal Arbitration Act ("FAA") expresses a federal policy favoring the enforcement of arbitration clauses negotiated between parties to a contract.[5] *See Volt Info. Sciences, Inc. v. Bd. of Trs.*, 489 U.S. 468, 475-76 (1989). To encourage parties to agree to arbitration in the first place, the FAA ensures that "arbitration awards are both fair and final." *Solvay Pharm. Inc. v. Duramed Pharm, Inc.*, 442 F.3d 471, 475 (6th Cir. 2006). The act promotes finality "by substantially limiting the occasions for judicial review," *id.*, and expressing "a presumption that arbitration awards will be confirmed." *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir. 1998). At the same time, however, fairness is achieved "by requiring courts to intervene when arbitrators so improperly execute their responsibilities as to discourage others from arbitrating in the future." *Solvay*, 442 F.3d at 475.

Pursuant to the FAA, a court may intervene and vacate an arbitration award upon application of any party to the arbitration:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

---

[5] When they moved to compel arbitration, Defendants contended that the arbitration agreement was subject to the FAA. (*See* Defs.' Br. in Supp. of Mot at 9-11, ECF No. at Pg ID 116-18.) Plaintiffs did not dispute this contention in response. (*See* Pls.' Resp., ECF No. 21.)

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In this case, Defendants argue that vacatur is necessary because Arbitrator Blum exhibited evident partiality. (*See* Defs.' Br. in Supp. of Mot. at 14, ECF No. 32 at Pg ID 356.)

An arbitration award may be vacated on the basis of evident partiality only where "a reasonable person would have to conclude that an arbitrator was partial to the other party to the arbitration." *Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir. 1989) (quotations omitted). As a result, "[t]he alleged partiality must be direct, definite, and capable of demonstration, and 'the party asserting evident partiality must establish specific facts that indicate improper motives on the part of the arbitrator.'" *Andersons, Inc.*, 166 F.3d at 329 (quoting *Consol. Coal Co. v. Local 1643, United Mine Workers of Am.*, 48 F.3d 125, 129 (4th Cir. 1995)). Defendants fail to satisfy this standard.

First, Defendants do not identify facts from which "a reasonable person would have to conclude that" Arbitrator Blum was partial to one party to the arbitration. Arbitrator Blum's professional involvement with Golden in forming

8

the MCBA ADR committee and organizing a brown bag lunch to present ADR techniques—both which occurred at least four years before the arbitration—would not necessarily render him biased in favor of Conner, who was represented in the arbitration by someone with whom Golden later formed a partnership.[6] *See Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 307 (6th Cir. 2008) (finding that a reasonable person would not be forced to conclude that the arbitrator was partial toward the plaintiff or counsel of intervening insurance company based on fact that the arbitrator previously worked as co-counsel on two cases with intervening plaintiff's attorney and had appeared in other cases in which this other attorney had represented an intervenor); *Apperson*, 879 F.2d at 1360 (declining to vacate arbitrator's award where arbitrator adjudicated a case that involved his former law partners whose practice he left two-and-a-half years earlier). As the Sixth Circuit has stated: "Certainly, arbitrators and attorneys frequently participate in activities that result in communication unrelated to the subject matter of litigation before the arbitrator, … and it would be unreasonable to suggest such contacts in unrelated matters are prohibited." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 649 (2005) (internal citation omitted) (finding that arbitrator's previous service in six matters as arbitrator for one of the parties and social engagements with party's

---

[6] In response to Defendants' motion, Thomas indicates that Golden and Sharp became business partners a year after the November 2013 ADR presentation. (Pl.'s Resp. Br. at 4, ECF No. 33 at Pg ID 622.)

9

attorneys at events that did not involve any communication about the arbitration did not require vacatur of his award). Moreover, Arbitrator Blum's previous professional involvement with *Conner*'s attorney, Sharp, and Sharp's law partner, Golden, certainly do not suggest partiality in favor of *Thomas*.

Second, Defendants fail to identify concrete actions in which Arbitrator Blum appeared to actually favor Conner or Thomas. "An adverse award in and of itself is no evidence of bias absent some evidence of improper motivation." *Andersons, Inc.*, 166 F.3d at 330. As evidence of partiality, Defendants also point to Arbitrator Blum's holding Autoline and Schultz jointly liable where Conner did not name them as defendants in his federal lawsuit suit and Arbitrator Blum's award of damages to Conner that exceeded the amount he sought in his specification of claims.

Autoline and Schultz were included as named respondents in the consolidated arbitration matter, however. (*See,* Defs.' Mot., Ex. 21 at 1 n.2, ECF No. 32-22 at Pg ID 599.) Moreover, Arbitrator Blum specifically explained why he found them jointly liable under the FLSA.[7] (*Id.* at 10, Pg ID 608.) With respect to the amount of damages, there are several explanations other than bias for why the award exceeded the amount stated in Conner's specification of claims.

---

[7] Arbitrator Blum found that Schultz owned or partly owned Right Choice, who Conner did include in his federal complaint, and Right Choice was Autoline's successor after it shut down in April 2013. (*See, e.g.*, Defs.' Mot., Ex. 21, ECF No. 32-22 at Pg ID 601.)

10

For example, it may have resulted from a miscalculation, an error of fact, or a determination by Arbitrator Blum that Conner was due the amount awarded.[8] Defendants cite no authority for their contention that the arbitrator may not award damages greater than those stated in a claimant's specification and they did not raise this as an argument when seeking modification of the interim award. *See* Pl.'s Resp., Ex. 1, *Conner*, No. 14-12887 (E.D. Mich. filed Apr. 2, 2018), ECF No. 30-2.

Finally, the fact that Arbitrator Blum may have allowed Thomas to file his specification of claims beyond the original deadline is not evidence of his partiality. Thomas sought leave for his delayed filing. Judges routinely extend deadlines to parties and their doing so is not evidence of bias.

In short, Defendants fail to demonstrate that Arbitrator Blum was partial to Conner or Thomas. As such, they do not establish a basis for vacatur.

---

[8] A factual error does not, on its own, empower a district court to vacate an arbitration award. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987) )"The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract.").

**Attorney's Fees**

In response to Defendants' motion to vacate the arbitration award, Thomas asks the Court to award him the reasonable attorneys' fees he has incurred defending against the motion.

The FLSA mandates an award of attorney's fees to a prevailing plaintiff. 29 U.S.C. § 216(b). As such, the Court concludes that Thomas is entitled to an award for the reasonable attorneys' fees he incurred responding to Defendants' motion to vacate the arbitration award. Within fourteen (14) days of this decision, Thomas shall file documentation supporting the amount sought. Defendants shall submit objections to the requested amount within fourteen (14) days of Thomas' filing.

Accordingly,

**IT IS ORDERED** that Defendants' motion to vacate the arbitrator's award in favor of Plaintiff Vincent Thomas (ECF No. 32) is **DENIED**;

**IT IS FURTHER ORDERED** that pursuant to 29 U.S.C. § 216(b), Thomas is awarded the reasonable attorneys' fees he incurred in responding to Defendants' motion. At a later date, the Court will issue a separate order setting forth the amount awarded.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 18, 2018, by electronic and/or U.S. First Class mail.

                                                          s/ R. Loury
                                                         Case Manager